WESTERN SURETY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 389, 9045.   Promulgated September 28, 1928.

*Joseph H. Kirby, Esq.*, for the petitioner.
*Philip M. Clark, Esq.*, for the respondent.

649

## OPINION.

LANSDON: Petitioner seeks to deduct the amount of two notes from income for the year 1921 as a bad debt on a showing that on January 18, 1922, the insurance examiner for the State of South Dakota rejected them as admissible assets as of the close of the taxable year 1921. From that time forward the notes were carried on the books as "bills receivable," which was a nonadmissible item. Such evidence is insufficient to establish that the notes were ascertained to be worthless and charged off within the taxable year. The direction of a bank examiner to charge off an account is not proof of worthlessness. *Murchison National Bank*, 1 B. T. A. 617; *Farmers & Traders Bank*, 4 B. T. A. 753; *Prescott State Bank*, 11 B. T. A. 147. The determination of the respondent with respect to the bad debt deduction is approved.

In 1922 the insurance examiner for the State of South Dakota informed petitioner that it should have held a reserve against the loss paid in 1920 on a bond of indemnity to the State of South Dakota. Petitioner had not held such a reserve but now seeks to deduct such an amount from gross income for the years 1918 and

1919 as a reserve required by law. The reserve was not actually held nor was it set up on the books during the taxable years. No deduction can be allowed as an addition made to a reserve unless such an addition has in fact been made. We are of the opinion that petitioner is not entitled to the deduction claimed as an addition to reserves required by law.

The third issue to be determined in this proceeding is whether certain reserves set up by petitioner for all the years herein involved constituted " reserves required by law " and whether such reserves were properly computed. Section 234(a) (10) (a) of the Revenue Act of 1918 permits the petitioner to deduct from gross income " the net addition required by law to be made within the taxable year to reserve funds." The " reserves required by law " are those required by the statutes of the State or States in which the insurance company transacts business. *United States Fidelity & Guaranty Co.*, 5 B. T. A. 23. Petitioner has maintained a " loss claims " reserve and an " unearned premium " reserve pursuant to sections 9398, 9399, 9400, and 9401 of the Revised Code of South Dakota (1919), and we are of the opinion that such reserves are reserves required by law within the meaning of the Revenue Act.

It remains for us to determine the proper method of computing " the net addition " to reserve funds during the taxable year. Petitioner has deducted from the reserve at the beginning of the year losses paid during the year. The balance was then deducted from the reserve at the end of the year. Respondent has deducted the opening reserve from the closing reserve and allowed the difference as the net addition during the year. We have held in *United States Fidelity & Guaranty Co.*, *supra*, that the deduction from gross income to which petitioner is entitled is the excess amount of the reserves at the end of the year over the reserves at the beginning of the year.

Petitioner's computation allows a deduction for losses paid during the year. There is a specific provision for deducting " all losses actually sustained within the year and not compensated by insurance or otherwise." Section 234(a) (4) of the Revenue Act of 1918. To allow a deduction in computing the net addition to reserve funds, as contended for by petitioner, would result in a double deduction. The respondent's computation is approved. *McCoach* v. *Insurance Company of North America*, 244 U. S. 585.

*Decision will be entered for the respondent.*